

*303*  **CORRECTED**  *1053*

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
**FILED**

THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

AUG 2 2 1969

PATRICIA D. WILL
CLERK

IN RE MULTIDISTRICT PRIVATE CIVIL TREBLE )
DAMAGE LITIGATION INVOLVING WESTERN LIQUID )   DOCKET NO. 24
ASPHALT                                    )

OPINION AND ORDER

BEFORE ALFRED P. MURRAH, CHAIRMAN, AND JOHN MINOR WISDOM*,
EDWARD WEINFELD, EDWIN A. ROBSON, WILLIAM H. BECKER, JOSEPH
S. LORD, III*, AND STANLEY A. WEIGEL, JUDGES OF THE PANEL

PER CURIAM

On May 29, 1969 the plaintiffs in six liquid asphalt antitrust actions pending in the United States District Court for the Northern District of California$^{1/}$ filed a joint motion with the Panel to transfer all such actions to the Northern District of California for coordinated pretrial proceedings under 28 U.S.C. §1407.  At that time there were four other

---

\* Judges Wisdom and Lord were unable to attend the hearing in Denver, Colorado but with the consent of all parties represented at the hearing, they have participated in this decision.

1/ *Dean Miller v. Union Oil Company of California, et al.*, No. 48391; *Cascade Construction Co., Inc. v. Standard Oil Company of California, et al.*, No. 49638; *Pioneer Construction Company, Inc. v. Standard Oil Company of California, et al.*, No. 49808; *Page Paving Company v. Standard Oil Company of California, et al.*, No. 50307; *State of New Mexico v. American Petrofina, Inc., et al.*, No. 50709; and *Klamath County, Oregon v. Standard Oil Company of California, et al.*, No. 51258.

similar cases pending in the Northern District of California[2/] and single cases pending in the Western District of Washington[3/] and the District of New Mexico.[4/]  All parties apparently now concede that the government action filed in the District of New Mexico is statutorily excluded from transfer under Section 1407(g).  In essence then, the motion was to transfer a single case - the *State of Washington Case* - from the Western District of Washington to the Northern District of California for coordination or consolidation with the ten cases originally filed there.  In our order setting this matter for hearing in Denver, Colorado on July 25, 1969, we added, on our own initiative, the three cases listed on Schedule B.

At the hearing and in their prior response to the motion, the defendants contended, *inter alia*, that the moving plaintiffs lacked standing to make such a motion because they are not parties in any of the actions which will be transferred if the motion is granted.  Section 1407(c)(ii) provides that an action can be transferred by "motion filed with the Panel by a party in any action in which *transfer* for coordinated or consolidated

---

[2/] *State of California, et al. v. Standard Oil Company of California, et al.*, No. 51107; *State of Oregon v. Standard Oil Company of California, et al.*, No. 50173; *State of Arizona v. American Petrofina, Inc., et al.*, No. 51092; and *City & County of San Francisco v. Union Oil Company of California, et al.*, No. 51331.
[3/] *State of Washington v. Chevron Asphalt Company, et al.*, No. 3846.
[4/] *United States of America v. Continental Oil Company, et al.*, No. 8026.

pretrial proceedings under this section may be appropriate."
[Emphasis added.] Since the moving plaintiffs are not parties in any action in which *transfer* is contemplated, we believe they lack standing to file such a motion. Their motion will therefore be denied.

In their response to the foregoing motion, the plaintiffs in the *State of Washington Case* requested the Panel to transfer certain of the cases pending in the Northern District of California to the Western District of Washington for coordinated or consolidated pretrial proceedings under Section 1407. As the State of Washington is not a party to any of the cases pending in the Northern District of California, it likewise lacks standing to make such a motion. This motion will also be denied.

At the hearing, several conditional, alternative and somewhat ambiguous motions were made by the parties including: a motion by the plaintiffs in the *State of Washington Case* to transfer that action to the Northern District of California; a motion by the original moving plaintiffs to transfer all such cases to the Western District of Washington; and a suggestion that the *State of New Mexico Case* be transferred to the District of New Mexico under Section 1407. These motions will all be denied because of their ambiguity and complete lack of factual or legal support. 5/

---

5/ We of course express no opinion as to the merits of the pending motion to transfer the *State of New Mexico Case* under section 1404(a).

- 4 -

None of the parties in the three cases added by the Panel on its own initiative (see Schedule B) favor the transfer of any of these cases for coordinated or consolidated pretrial proceeding. We are convinced that transfer of the *State of Kansas* or the *State of Hawaii Cases* would not promote their just and efficient conduct and decline to order such a transfer. At the request of the parties, the decision on the question of whether the *Master-Krete Case* should be transferred will be deferred for sixty days.

IT IS THEREFORE ORDERED that all pending motions to transfer any of the cases under Section 1407 are hereby denied.

IT IS FURTHER ORDERED that on September 26, 1969, a hearing shall be held on the initiative of the Panel to consider the transfer of the cases listed on Schedule A to the United States District Court for the Northern District of California for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. §1407. All parties are invited to file supplemental memoranda in support of or in opposition to the proposed transfer on or before September 2, 1969. Counsel for all parties supporting transfer and counsel for all parties opposing transfer of the cases on Schedule A should meet separately prior to the hearing for the purpose of organizing their arguments and selecting spokesmen to present all views without duplication. The setting of this matter for hearing does not affect or

suspend orders and discovery proceedings in the district courts in which this litigation is now pending.

IT IS FURTHER ORDERED that the Clerk of the Judicial Panel on Multidistrict Litigation shall forward a copy of this opinion and order to all counsel for all parties in this litigation.

Attachments

DOCKET NO. 24                                            SCHEDULE A

## SOUTHERN DISTRICT OF CALIFORNIA

1. City of San Diego v. Union Oil Company           Civil Action
   of California, et al.                            No. 69-176-K

## WESTERN DISTRICT OF WASHINGTON

2. State of Washington, et al. v. Chevron           Civil Action
   Asphalt Company, et al.                          No. 3846

## DISTRICT OF ALASKA

3. The State of Alaska v. Chevron Asphalt           Civil Action
   Co., et al.                                      No. A-92-69 CIV

## DISTRICT OF ARIZONA

4. Maricopa County v. American Petrofina Inc.,      Civil Action
   et al.                                           No. 69-355-Phx

DOCKET NO. 24               SCHEDULE B

## WESTERN DISTRICT OF MISSOURI

1. Master-Krete, Inc., et al. v. Chevron         Civil Action
   Asphalt Company, et al.                       No. 16060

## DISTRICT OF HAWAII

2. State of Hawaii v. Standard Oil Company of    Civil Action
   California, et al.                            No. 2826

## DISTRICT OF KANSAS

3. State of Kansas v. Phillips Petroleum,        Civil Action
   et al.                                        No. T-4363

DOCKET NO. 24                                    SCHEDULE C

## NORTHERN DISTRICT OF CALIFORNIA

1.  Dean Miller v. Union Oil Company of           Civil Action
    California, et al.                            No. 48391

2.  Cascade Construction Co., Inc. v. Standard    Civil Action
    Oil Company of California, et al.             No. 49638

3.  Pioneer Construction Co., Inc. v. Standard    Civil Action
    Oil Company of California, et al.             No. 49808

4.  Page Paving Company v. Standard Oil Company   Civil Action
    Company of California, et al.                 No. 50307

5.  State of New Mexico, etc. v. American         Civil Action
    Petrofina, Inc., et al.                       No. 50709

6.  Klamath County, Oregon v. Standard Oil        Civil Action
    Company of California, et al.                 No. 51258

7.  State of California, etc. v. Standard Oil     Civil Action
    Company of California, et al.                 No. 51107

8.  State of Oregon v. Standard Oil Company       Civil Action
    of California, et al.                         No. 50173

9.  State of Arizona, etc. v. American            Civil Action
    Petrofina, Inc., et al.                       No. 51092

10. City and County of San Francisco v. Union     Civil Action
    Oil Company of California, et al.             No. 51331

11. Sonoma County, California v. Standard         Civil Action
    Oil Company of California, et al.             No. 51701

309 F. Supp. 157

FILED

THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

JAN 23 1970

JUDICIAL PANEL FOR
MULTIDISTRICT LITIGATION
PER
PROVISIONAL CLERK



IN RE MULTIDISTRICT PRIVATE CIVIL       )
TREBLE DAMAGE LITIGATION INVOLVING      )    DOCKET NO. 24
WESTERN LIQUID ASPHALT                  )

OPINION AND ORDER

BEFORE ALFRED P. MURRAH*, CHAIRMAN, AND JOHN MINOR WISDOM,*
EDWARD WEINFELD, EDWIN A. ROBSON, WILLIAM H. BECKER, JOSEPH
S. LORD, III*, AND STANLEY A. WEIGEL*, JUDGES OF THE PANEL

PER CURIAM

A hearing was held in Denver, Colorado on July 25, 1969 on the motion of the plaintiffs in several actions listed on Schedule B to transfer certain actions pending in other districts to the Northern District of California under 28 U.S.C. §1407. This motion was denied and a second hearing was held in Washington, D. C. on September 26, 1969 *on the initiative of the Panel* to consider the transfer of the four actions listed on Schedule A to the Northern District of California. *In re Western Liquid Asphalt Litigation,* 303 F. Supp. 1053 (J.P.M.L. 1969). After considering the arguments presented at both hearings and the pleadings filed by all parties we have concluded that these four actions

---

* Judges Murrah, Wisdom, Lord and Weigel were unable to attend both hearings but, with the consent of all parties have participated in this decision.

- 2 -

should be transferred to the Northern District of California for coordinated or consolidated pretrial proceedings with related actions pending there.[1/]

The positions of the parties involved in the proposed transfer can be readily summarized. There is no disagreement as to action under section 1407 -- all parties favor coordinated or consolidated pretrial proceedings. The only question is whether any or all of the consolidated cases should be transferred to the Western District of Washington rather than to the Northern District of California, where the other related cases have been transferred. The common defendants prefer that the *Washington* and *Alaska* cases be split off from the rest and consolidated in Washington, and the States of Washington and Alaska prefer that all cases be consolidated in Washington.

In opposing transfer of the Alaska and Washington actions to the Northern District of California, the defendants emphasize that only three of them are involved in the *Alaska Case* and only four in the *Washington Case*. Accordingly, so the argument

---

[1/] On December 11, 1969, the *City of San Diego Case* was transferred from the Southern District of California to the Northern District of California for all further proceedings, including trial. Although that action will therefore not be affected by this order, the prior position of the plaintiff with regard to the proposed section 1407 transfer and the subsequent action of Judge Schwartz support the selection of the Northern District of California as the most propitious transferee court.

Case MDL No. 24   Document 2   Filed 04/29/15   Page 11 of 15

- 3 -

goes, the other eight defendants in the actions now pending in San Francisco have no interest in the *Alaska* and *Washington Cases* and should not be required to participate in discovery in those actions.

Section 1407 is not operative only where there is multi-district litigation involving common plaintiffs or defendants. *In re Cincinnati Air Disaster Cases,* 298 F. Supp. 353, 354 (J.P.M.L. 1968). See also, *In re Gypsum Wallboard Antitrust Litigation,* 303 F. Supp. 510 (J.P.M.L. 1969). If the thrust of the defendants' argument is that the *Alaska* and *Washington Cases* do not share common questions of fact with the other actions pending in the Northern District of California we are unpersuaded. The plaintiffs in these actions do not so contend. Indeed they join with the State of California[2/] in urging that all these actions possess substantial common questions of fact. The *Alaska* and *Washington Cases* clearly possess questions of fact which are common not only to the other actions to be transferred to the Northern District of California but also to the actions originally filed in that district.[3/] We are

---

2/ The plaintiff in an action originally filed in the Northern District of California.

3/ For example, in its complaint the State of Washington charges the named defendants and other unnamed co-conspirators with fixing the price of asphalt and allocating customers throughout a market area which includes the States of Oregon, Washington and California. An identical charge is made in seven of the actions commenced in the Northern District of California. The State of Alaska's complaint adds that state to this trio while the State of California also includes the States of Arizona, Hawaii, Idaho, Montana and Nevada in its definition of the relevant market area. Thus facts relating to the existence, scope and effect of a regional conspiracy are common to virtually all of these actions.

- 4 -

satisfied that these common questions of fact are of sufficient magnitude and complexity to insure that the just and efficient conduct of these actions will be promoted by coordinated or consolidated pretrial proceedings conducted in a single district.

The defendants further contend that transfer of these two actions to the Northern District of California would not serve the convenience of parties and witnesses. Such a transfer clearly cannot inconvenience the defendants as they are parties to actions now pending in the Northern District of California and none of the plaintiffs oppose the transfer of their actions to the Northern District of California.

In sum, we think this litigation is fairly typical multi-district antitrust litigation[4] and that coordinated or consolidated pretrial proceedings are clearly mandated.

At our first hearing we considered the possibility of transferring an action now pending in the Western District of Missouri, *Master-Krete, Inc., et al. v. Chevron Asphalt Co., et al.*, (No. 16060) but reserved decision in our prior opinion and order. *In re Western Liquid Asphalt Litigation, supra.* We are now satisfied that the product involved in this action

---

[4] The following groups of antitrust litigation have been transferred under section 1407: *Water Meter*, 304 F. Supp. 873 (J.P.M.L. October 10, 1969), *Concrete Pipe (West)*, 303 F. Supp. 507 (J.P.M.L. August 28, 1969), *Admission Tickets*, 302 F. Supp. 1339 (J.P.M.L. August 15, 1969), *Concrete Pipe (East)*, 302 F. Supp. 244 (J.P.M.L. May 23, 1969), *Gypsum Wallboard*, 297 F. Supp. 1350 (J.P.M.L. 1969), *Antibiotic Drugs*, 295 F. Supp. 1402 (J.P.M.L. 1968), *Plumbing Fixtures*, 295 F. Supp. 33 (J.P.M.L. 1968), *Protection Devices*, 295 F. Supp. 39 (J.P.M.L. 1968), *Children's Books*, 297 F. Supp. 385 (J.P.M.L. 1968).

- 5 -

is so unrelated to the product involved in the other actions as to preclude the transfer of this action to the Northern District of California.[5]

IT IS THEREFORE ORDERED that the actions listed on Schedule A still pending in other districts be and the same are hereby transferred to the United States District Court for the Northern District of California for coordinated or consolidated pretrial proceedings and with the written consent of that court these actions are hereby assigned to the Honorable Russell E. Smith of the District of Montana.[6]

---

[5] The *Master-Krete Case* basically involves a composition used for tennis courts while other actions involve liquid asphalt used in highway construction.

[6] Chief Judge Chambers has temporarily assigned Judge Russell Smith to the Northern District of California and Chief Judge Harris has consented to the assignment of these actions to Judge Smith.

DOCKET NO. 24                                        SCHEDULE A

## SOUTHERN DISTRICT OF CALIFORNIA

1. City of San Diego v. Union Oil Company          Civil Action  (*)
    of California, et al.                          No. 69-176-K

## WESTERN DISTRICT OF WASHINGTON

2. State of Washington, et al. v. Chevron          Civil Action
    Asphalt Company, et al.                        No. 3846

## DISTRICT OF ALASKA

3. The State of Alaska v. Chevron Asphalt          Civil Action
    Co. of California, et al.                      No. A-92-69 Civ

## DISTRICT OF ARIZONA

4. Maricopa County v. American Petrofina           Civil Action
    Inc., et al.                                   No. 69-355-Phx

(*) Transferred to the United States District Court for the Northern District of California by order of Chief Judge Schwartz on December 11, 1969.

DOCKET NO. 24                                    SCHEDULE B

## NORTHERN DISTRICT OF CALIFORNIA

1. Dean Miller v. Union Oil Company of California, et al. — Civil Action No. 48391
2. Cascade Construction Co., Inc. v. Standard Oil Company of California, et al. — Civil Action No. 49638
3. Pioneer Construction Co., Inc. v. Standard Oil Company of California, et al. — Civil Action No. 49808
4. Page Paving Company v. Standard Oil Company of California, et al. — Civil Action No. 50307
5. State of New Mexico, etc. v. American Petrofina, Inc., et al. — Civil Action No. 50709
6. Klamath County, Oregon v. Standard Oil Company of California, et al. — Civil Action No. 51258
7. State of California, etc. v. Standard Oil Company of California, et al. — Civil Action No. 51107
8. State of Oregon v. Standard Oil Company of California, et al. — Civil Action No. 50173
9. State of Arizona, etc. v. American Petrofina, Inc., et al. — Civil Action No. 51092
10. City and County of San Francisco v. Union Oil Company of California, et al. — Civil Action No. 51331
11. Sonoma County, California v. Standard Oil Company of California, et al. — Civil Action No. 51701